FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2015 DEC -2 AM 11: 15
CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| QUADRAMEL TRELLION WILLIAMS, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV415-240 |
| THE STATE OF GEORGIA, | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Quadramel Williams has filed a 42 U.S.C. § 1983 complaint for injunctive relief against the State of Georgia, which is currently prosecuting him for "poss. w/intent." Doc. 1 at 5; *see also* attached state court docket showing that his prosecution for sale of a controlled substance remains pending.[1] He claims that he "was false arrested" after the police arrived at his wife's house seeking two men who ran through the "house with guns," did not see a judge for the first time

---

[1] As Williams is proceeding *in forma pauperis* ("IFP"), docs. 2 & 3, his action is subject to immediate dismissal if the Court determines that it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2) (requiring the dismissal of IFP actions "any time" they raise non-cognizable claims); 28 U.S.C. § 1915A (requiring early screening of all prisoner/detainee complaints against governmental entities or officials and the dismissal of non-cognizable claims).

until seven months after that arrest, has court-appointed counsel that rates "poor = 3" on a scale of "1 to 10," and that "CNT made a false report of a[n] investigator that never [happened]." *Id.* at 5. He seeks no damages but wants all pending charges dismissed. *Id.* at 6.

Williams' choice of remedy is fatal to his complaint. State defendants may not employ § 1983 as a vehicle for seeking the dismissal of the state criminal proceedings, for "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Cooks v. Sec'y, Fla. Dep't of Corr.*, 599 F. App'x 940, 941 (11th Cir. 2015) (district courts must "'ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement -- either directly through an injunction compelling speedier release or indirectly through a judicial determination that

necessarily implies the unlawfulness of the State's custody.'") (quoting *Wilkinson*, 544 U.S. at 81); *Harris v. Purvis*, 2015 WL 3439857 at * 1 (S.D. Ga. May 27, 2015). Because Williams seeks to have his state charges "dropped" (doc. 1 at 6), which would require his immediate release from custody, he must pursue habeas relief.[2]

Given the impossibility that Williams' complaint could ever state a § 1983 claim, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity). Also

---

[2] Before Williams can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or a petition for collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. § 2254(b), (c). If he wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules. Such a petition, however, would be subject to immediate dismissal for lack of exhaustion of his available state remedies.

because of its failure to state a claim, this case should be recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, it is time for Williams to pay his filing fee. His furnished PLRA[3] paperwork reflects $162.97 in average monthly deposits and a $18.43 average monthly balance over the six month period prior to the date of his Prison Account Statement. Doc. 5. He therefore owes an initial partial filing fee of $32.60. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this

---

[3] The Prison Litigation Reform Act ("PLRA") requires the incremental collection of the filing fee from detainees who are allowed to proceed IFP. 28 U.S.C. § 1915(b), (h).

4

Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO ORDERED**, this 30th day of November, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA



### CHATHAM COUNTY, GA
### Eastern Judicial Circuit of Georgia




## Case Details



**State**
**VS.**
**WILLIAMS, QUADRAMEL TRELLION**

- Case Events
- Charges
- Parties
- Proceedings



### Case Information

| | |
|---|---|
| Court: | Superior |
| Case Number: | CR142844 |
| Case Type: | DRUGS - SALE/TRAFFICKING |
| Judge: | HONORABLE LOUISA ABBOT |
| Assistant District Attorney: | JEREMIAH JOHNSON |
| Date Filed: | 12/17/2014 |
| Status: | ACTIVE - |
| Next Event: | 12/11/2015 ARRAIGNMENT/PLEA HEARING |

### Defendant Information

| | |
|---|---|
| Name: | WILLIAMS, QUADRAMEL TRELLION |
| DIN: | P0612089 |
| Gender: | MALE |
| Race: | AFRICAN AMERICAN |
| Height: | 70 |
| Weight: | 290 |
| Eyes: | BROWN |
| Hair: | BLACK |

### Attorney Information

RYAN RAINES
W OGLETHORPE AVE
SAVANNAH, GA

### Bondsman Information

N/A

### Case Events

| Date | Time | Code | Judge | Action |
|---|---|---|---|---|
| 12/11/2015 | 2:00PM | ARRAIGNMENT/PLEA HEARING | LOUISA ABBOT | |
| 11/10/2015 | 10:00AM | STATUS CONFERENCE HEARING | LOUISA ABBOT | |
| 9/14/2015 | 09:00AM | ARRAIGN/TRIAL DOCKET CALL | LOUISA ABBOT | OTHER |
| 7/9/2015 | 10:00AM | ARRAIGNMENT/PLEA HEARING | LOUISA ABBOT | ARRAIGNMENT |
| 5/5/2015 | 10:00AM | STATUS CONFERENCE HEARING | LOUISA ABBOT | |
| 3/30/2015 | 09:30AM | ARRAIGNMENT | LOUISA ABBOT | RESCHEDULE EVENT |
| 3/30/2015 | 09:30AM | ARRAIGNMENT | LOUISA ABBOT | RESCHEDULE EVENT |
| 3/26/2015 | 09:30AM | ARRAIGNMENT | LOUISA ABBOT | EVENT CANCELLED - EC |
| 3/13/2015 | 2:00PM | ARRAIGNMENT | LOUISA ABBOT | RESCHEDULE EVENT |

[Return to Top]

### Charges

| Charge | Description | Counts | Severity | Charge Date | Disposition |
|---|---|---|---|---|---|
| 16-13-30(B)SELL | SALE OF CONTROLLED SUBSTANCE | 1 | FELONY | 12/17/2014 | |
| 16-13-32.3 | USE COMMUNICATION FAC. FOR CRIMINAL USE | 1 | FELONY | 12/17/2014 | |
| 16-13-30(B)SELL | SALE OF CONTROLLED SUBSTANCE | 1 | FELONY | 12/17/2014 | |
| 16-13-32.3 | USE COMMUNICATION FAC. FOR CRIMINAL USE | 1 | FELONY | 12/17/2014 | |

[Return to Top]

### Proceedings

| Date | Time | Event | Status | Judge | Notes |
|---|---|---|---|---|---|
| 12/11/2015 | 2:00PM | ARRAIGNMENT/PLEA HEARING | | LOUISA ABBOT | |
| 11/13/2015 | | MOTION/ORDER FOR PRODUCTION OF STATE PRISONER | | | |
| 11/10/2015 | 10:00AM | STATUS CONFERENCE HEARING | | LOUISA ABBOT | |
| 9/14/2015 | 09:00AM | ARRAIGN/TRIAL DOCKET CALL | OTHER | LOUISA ABBOT | |
| 9/9/2015 | | ORDER | | | PRO SE PLEA IN ABATEMENT AND MTN FOR COMMITMENT HEARING - STRIKEN/ |
| 9/9/2015 | | PRO SE LETTER RECEIVED | | | |
| 8/14/2015 | | PRO SE LETTER RECEIVED AND CLERKS RESPONSE | | | |
| 8/10/2015 | | PRO SE MOTION | STRICKEN | LOUISA ABBOT | PLEA IN ABATEMENT AND MTN FOR COMMITMENT HEARING/ |
| 7/14/2015 | | PRO SE LETTER RECEIVED | | | |
| 7/9/2015 | 10:00AM | ARRAIGNMENT/PLEA HEARING | ARRAIGNMENT | LOUISA ABBOT | |
| 7/2/2015 | | STATE'S DEMAND FOR DISCOVERY | | | DEMAND FOR NTC OF ALIBI/NTC OF RECIDIVIST PROSECUTION AND EVIDENCE IN AGGRAVATION OF PUNISHMENT/NTC OF INTENT TO IMPEACH WITH PRIOR CONVICTIONS/NTC OF MTN TO INTRODUCE EVIDENCE OF OTHER CRIMES, WRONGS OR ACTS/RESPONSE TO MTN FOR DISCOVERY FILED UNDER AUTHORITY OF OCGA 17-16-1 ET SEQ AND BRADY DISCLOSURE/DEMAND THAT ANY AND ALL MTNS TO SUPPRESS BE PARTICULARIZED/LIST OF WITNESSES/CERT OF SERV/ |
| 6/29/2015 | | PRO SE LETTER RECEIVED | | | |
| 5/26/2015 | | PRO SE LETTER RECEIVED | | | |
| 5/26/2015 | | PRO SE LETTER RECEIVED | | | |
| 5/5/2015 | 10:00AM | STATUS CONFERENCE HEARING | | LOUISA ABBOT | |
| 5/1/2015 | | PRO SE LETTER RECEIVED | | | |
| 5/1/2015 | | PRO SE LETTER RECEIVED | | | |
| 4/30/2015 | | PRO SE LETTER RECEIVED | | | |
| 3/30/2015 | 09:30AM | ARRAIGNMENT | RESCHEDULE EVENT | LOUISA ABBOT | |
| 3/30/2015 | 09:30AM | ARRAIGNMENT | RESCHEDULE EVENT | LOUISA ABBOT | |
| 3/26/2015 | 09:30AM | ARRAIGNMENT | EVENT CANCELLED - EC | LOUISA ABBOT | |
| 3/13/2015 | 2:00PM | ARRAIGNMENT | RESCHEDULE EVENT | LOUISA ABBOT | |
| 2/27/2015 | | PRETRIAL SCHEDULING ORDER | | | |
| 2/26/2015 | | BOND ORDER | | | DENIED/ |
| 2/12/2015 | | MOTION/ORDER FOR PRODUCTION OF STATE PRISONER | | | |
| 2/6/2015 | | PRO SE MOTION | | | MTN TO REVEAL CONFIDENTIAL INFORMANT/ |
| 2/3/2015 | | PETITION FOR BOND/NISI | | | 022315 @ 9AM/ |
| 1/16/2015 | | ENTRY OF | | | R. RAINES/ |

| | | | | |
|---|---|---|---|---|
| | | APPEARANCE | | |
| 1/16/2015 | | CONSOLIDATED MOTIONS PACKAGE | | CERT OF SERV/ |
| 12/31/2014 | | BENCH WARRANT FILED | | EXECUTED 122914/ |
| 12/29/2014 | | BENCH WARRANT ISSUED | | |
| 12/18/2014 2:07:08 PM | | SCN | | INITIAL CASE SCREENING / SCANNING |
| 12/17/2014 | | SENTENCE ORDER/PETITION NEG PLEA/VOL TRN/INDICTMENT | | |

[Return to Top]

Home | Juvenile Court | Magistrate Court | Probate Court | Recorder's Court | State Court | Superior Court | Court Forms | Court Fees

© Copyright 2015 - Chatham County Courts

http://www.chathamcourts.org/Case-Details/caseno/CR142844 3/3